4-15-0953, People v. Ricky McClellan. Appearing for the appellate is attorney Heidi Lambros, and for the appellee is attorney Rosario Escalera. Good morning, counsel. Good morning. Ms. Lambros, are you ready to proceed? Yes, I am, Your Honor. You may. Good morning, Your Honor. My name is Heidi Lynn Lambros from the Office of the State Appellate Defender, representing Mr. McClellan to Ricky McClellan. Mr. McClellan was convicted of obstruction of justice after a jury trial and sentenced to five years in prison. In his brief, and today, Mr. McClellan asked this court to reverse his conviction outright for two grounds. The first one, under the rarely used judicial estoppel doctrine, as well as under due process considerations, and also that the state failed to prove him guilty of obstructing justice beyond a reasonable doubt. The basis of Mr. McClellan's conviction stems from a shooting that happened on May 5, 2013. Mr. McClellan was a witness to Cameron Slater fatally shooting Toby Britton. Three days later, Mr. McClellan voluntarily came into the police department and gave a statement saying, I wasn't there, I don't know what happened. And then after being reassured that he was not a suspect, he made another statement to the police saying, I was there at the shooting, I saw Slater shoot Britton, and Britton was unarmed. Based on this information, the state charged Mr. Slater with first-degree murder. Fast forward about a year later to September of 2014, in preparing their case, the state again interviewed Mr. McClellan, who said, hey, I've got something to tell you. I omitted the fact that I saw Mr. Britton brandish a firearm at Mr. Slater, and that's what basically caused the shooting. With this new information, the state entered into a guilty plea with Mr. Slater to second-degree murder, not first-degree murder, wherein during their guilty plea hearing, in their factual basis, they stated that a witness would testify that Mr. Britton brandished a gun at Cameron Slater, causing Mr. Slater to unreasonably believe in his need for self-defense, making this case a second-degree murder. The state got their conviction, and the very next day, they charged Mr. McClellan with two counts of obstructing justice. One, that he obstructed the defense, and that he said Mr. Britton was unarmed, and second, that he obstructed the prosecution by saying that Mr. Britton was armed. And that's the second count that Mr. McClellan lied when he said that Mr. Britton was armed with the basis of his obstruction of justice conviction. The problem we have is that the state is basically trying to have its cake and eat it, too. They went with the narrative, and their narrative at Mr. Slater's guilty plea proceeding was Mr. Britton was armed with a gun. They made a factual conclusion, and they based their guilty plea on that fact. And then the very next day, they charged, prosecuted, and convicted Mr. McClellan of lying when he said that Mr. Britton had a gun. That violates the principles of judicial estoppel as well as due process considerations. The state can pick, and they pick their narrative. And their narrative was Mr. Britton had a gun, resulting in Mr. Slater having a second-degree murder conviction. Then they changed their mind, and went and they prosecuted Mr. McClellan for lying about the fact that Mr. Britton had a gun. And I find it a bit ironic that the state prosecuted Mr. McClellan for changing his facts when the state did exactly that and changed their facts to secure convictions against Mr. Slater and then for Mr. McClellan. Now the state wasn't necessarily in a disadvantage because they went with the fact that Mr. McClellan saw Mr. Britton with a gun because they could have just prosecuted him for lying about saying that Mr. Britton was unarmed. Or they could have just prosecuted him on saying that Mr. McClellan's first statement that he said he wasn't there. But they chose the fact when they entered into the guilty plea with Mr. Slater that Mr. Britton was armed and then changed that fact. A question for you in regards to the prosecution for first-degree murder that then resulted in the plea deal for the second-degree murder. During the recitation of the factual basis, did the state indicate that Mr. McClellan would testify that the defendant was armed or did the state testify that witnesses would testify that the victim was armed at the time? The state offered an eyewitness. And as far as we know, Mr. McClellan was the only eyewitness. And Mr. McClellan was actually in court that day and the state actually swore him. He didn't end up answering any questions because the judge wisely concluded, we need to be quiet because you might get yourself in some trouble here. So I don't think it's much of a stretch to say that Mr. McClellan was the sole and the only witness to this crime. Otherwise, the state probably wouldn't have pled him. They would have gone to trial on first-degree murder. Okay, but your argument requires that we conclude that Mr. McClellan was the unnamed witness that was referred to in the factual basis. Yes. Yes. And that bears out by the rest of the record and the fact that the state didn't even charge Mr. Slater until after they talked to Mr. McClellan. And then they entered into the plea after McClellan gave his third story and then that Mr. McClellan was actually oddly in court during the guilty plea and was being sworn as a witness for the state before the judge kind of cut off that kind of questioning. There's no indication that the state had any other witnesses. And that's, I think, why they were so angry about Mr. McClellan kind of changing his tune because they didn't have any other evidence or any other eyewitnesses other than Mr. McClellan. And his, in fact, statement, if you read them, has him, Britton, and Slater kind of together during this drug deal gone bad type of thing outside. I have a question. Because you've indicated that, and it's in the record, that this gentleman was in the courtroom at the time the negotiated disposition was taken by the court. Were there representatives of the victim's family or a victim advocate in that courtroom at that time? There's nothing in the record to say that there was a victim advocate. You mean for Mr. Britton? Correct. There's nothing in the record for that. Okay. Just seemingly Mr. Slater and then I've never seen anything where they even call a witness to the guilty plea proceedings. Well, the state entered into a plea with the defendant arguably very less significant than the prior charge. So they may have been making a record of why this was occurring for anyone who may be curious in the future. I'm sorry. Go ahead. Yeah, there was no indication that there was any, they needed to kind of cover their bases and make sure that the victims knew what was going on. I'm not saying that what my client did by giving three different statements to law enforcement is something we should encourage people to do. Obviously not. He was prosecuted for changing his factual stories. I think the state would have been proper in charging him with coming in and saying, oh, Mr. Britton didn't have a gun. But once the state, and again, this is a state error, that the state locked itself in to saying that Mr. Britton was armed with a weapon to secure the second degree deal and then to change their story, their factual story unnecessarily really. They could have gotten a conviction on the first count if they wanted to, is what this court and what judicial estoppel principles tells us that we don't want the state to do. We don't want this kind of do as I say not as I do type of response from the state. So given judicial estoppel principles, again, it's a very kind of weird, kind of quirky doctrine that's not very rarely invoked. And it just so happens that in this case we actually have a record of what happened now at the guilty plea proceedings that we're able to see that the state charged one fact and then charged an entirely different fact. Even with that argument, even regardless of judicial estoppel principles, the state didn't have sufficient evidence to convict Mr. McClellan of obstructing justice. Obstructing justice requires essentially three different components. So it's a false statement made by someone with the intent to impede the prosecution or defense, and thirdly and importantly in this case, the fact that the statement is in fact false. Unlike in perjury, which only requires mutually inconsistent statements, obstructing justice requires the state prove that a statement is actually false, not just that you lied to the police, not just that you gave inconsistent stories, but you gave inconsistent stories and you lied with the intent to impede the prosecution and that the state can prove that that fact is false. Here they didn't. They do have the inconsistent shifting of stories from Mr. McClellan. They have his conversations with Mr. Slater in prison, which seems to imply that his shifting stories were made with the intent to impede the prosecution of Mr. Slater, but they never proved factually that Mr. Britton was unarmed, which they were required to do under obstruction of justice. The only person that the state called at trial was the paramedic, who had nothing to do with the investigation of the Slater homicide, was there solely to save Mr. Britton, wasn't looking around for evidence or collecting gunshot residue from the victim's hands or looking for shell casings. He was only there in an emergency capacity. The state could have called the investigating officers, could have called the detectives, could have called people who actually looked at the scene to state, we looked at the entire scene and we found no gun. The paramedic simply wasn't good enough to prove, as they were required to do, that Mr. Britton did not in fact have a gun. And that is an element. And we know that the state didn't necessarily believe that they needed to prove this. Because, again, Mr. McClellan was charged with two different counts of obstruction of justice. One that his statement that Britton had a gun was a lie, which is what he was convicted of. But the first count was that he lied when he said Britton was unarmed. So after the close of the state's case, defense counsel moved for a direct avertis, and the state, in arguing that they should be able to keep both counts, said, Your Honor, we don't have to prove which statement is false. All we have to show is that the statements were inconsistent, which is not the law of obstruction of justice. It can be the law of perjury, but perjury is a different type of felony. In obstructing justice, they have to prove that it's actually false. And in this case, they did not do that.  So regardless of the judicial stoppable arguments, and maybe some problems that this court may have with that, otherwise the state didn't prove its case simply beyond a reasonable doubt. They were required to prove these three elements, and they didn't do it. And when we kind of underlie and look that the state, just the year before, had made the fact that Mr. Britton had a gun part of its guilty plea arrangement, it's doubtful possibly that they could have proved that. Do you think that submitting a factual basis to the court of what witnesses would testify to means that the state has somehow adopted that as irrefutable fact, or that this is sufficient for a judge to accept a plea of guilty? I think when the state submits a factual basis based on what a witness would testify to, and again, not all guilty pleas are made up of truth, I guess is what we're trying to say. They're made up of what the two parties agree to. But in this case, their truth was Mr. McClellan's truth, and they averred that Mr. McClellan would testify that he saw a gun. They would have put on evidence that Mr. McClellan would testify. If they were called to trial, that's the evidence they would have been required to present. But it didn't go to trial. It was a plea. Correct. So were they vouching for his veracity, or were they telling the court, we're not going to go to trial and murder when this doofus judge is going to say that the victim was armed and we're going to run the risk of a jury returning a lesser verdict. We'd rather negotiate. I don't grasp how that controls future litigation regarding any participant in the process. When the state offers as its factual basis that something is a fact, and that's what they did. You've got a sex crime, and one of the witnesses' testimony is going to be, they changed their testimony, and there were some facts or some assertion that maybe something was consent. And the prosecution says, we're not going to put the victim through this. We're going to accept the plea to a lesser charge. How does that stop them from going after the person that they believe has falsely asserted something that assisted the defendant, but at the same time also enabled them to get a plea without going to trial? Why are they stopped from that? They pick the fact. They pick which fact they wanted. And the fact that they wanted, again, I climb into this. They are not the fact finders. True. The judge is the fact finder, and the judge is, not required, the judge may accept a guilty plea if he believes the factual basis presented by the state, and perhaps also by the defense, and perhaps even by words coming from a defendant's mouth, that this would justify a plea of guilty and an imposition of a sentence. That doesn't have anything to do with the state finding fact, being the fact finder. Judicial estoppel prevents a party from taking inconsistent positions. It doesn't mean the state can't prosecute. The parties aren't the same. The state is the same. The parties aren't the same. The party at issue in one case is the defendant who has committed the act of violence. The party in the other case, in terms of estoppel, is a totally different person who got embroiled in it, behind lines, maybe all three times. Who knows? I don't know what the fourth lie could be, but maybe there's another one. How does judicial estoppel apply? Our argument is that judicial estoppel doesn't have to be the same parties. In fact, in some judicial estoppel cases, you'll have different parties. You'll have the state maintaining one argument in one case and another argument in another case. The state's presentation of evidence, obviously it's the court's decision about guilt or innocence, but the state has in their power to create the narrative and what facts they want to present. This prevents them from shifting positions, from letting people rely on what the state says as this is our consistent position, that this is the fact that we're going with today, and not changing that. What we don't want, what I hope we don't want to happen, is the state averring in guilty pleas or at trial things that they know to be patently false, and then switching gears. What we don't want to happen, I guess in a clear case, the state makes deals all the time to reduce, let's just say, a murder case. They enter into a plea, they don't put in the gun element. They say, okay, we're going to drop that part so you can plead guilty to something lesser. Imagine if the state could go into this guilty plea and don't have the armed with a firearm language, and then turn around the next day and try to prosecute, say, a shooting victim. Like, well, you said he was armed with a firearm, and we don't want that to happen. We want the state to be guilty. Could they prosecute the guy that sold him the gun if he sold it to him illegally? Well, that would be a different how, right? The person would be different than possessing the gun. Well, yeah, but they've asserted the fact to the court that he was... Unarmed. Unarmed. I think that would prevent them from doing that, yes. We want them to be consistent in their positions. Is it the factual basis here that you are asserting constitutes the position being taken by the state? Yes. Is it conceivable in a plea agreement for the defense attorney to present a factual basis? I believe the defense could, and usually they do. Usually the defendants, I mean, especially when you're pleading something lesser, you might want the defense would show, yes, I've definitely seen that. So what is a factual basis? Is it a position, or is it simply bringing to the court's attention a state of, or the existence of evidence regardless of who's going to eventually present it in support of a position? At a plea hearing, it's simply providing the trial court with evidence that would support the defendant's plea of guilty, and it doesn't depend necessarily on who is providing the judge that information, right? Right, and in this case, the state did. But again, a guilty plea... But is it a position, then? A guilty plea also has to satisfy all of the elements. So when I present a guilty plea as a state's attorney, I have to make sure that a judge can reject a factual basis because it doesn't support the actual finding. So it's not necessarily the factual basis you're asserting was the position being taken by the state. It was the charge, it sounds like, then. Because if we've established the factual basis, just simply presenting the state of the evidence to the judge, then it necessarily needs to be something else to constitute a position being taken by the state. Is that right? The position by the state is that the reason why this is second-degree murder, whether it's reducing it from first-degree murder, or getting a second-degree murder conviction and not an outright reversal on self-defense, is because Mr. Britton had a gun, and they would present evidence. They can't lie and say we would present evidence of something that doesn't exist. Let me not put words in your mouth, then. What is the position of the state in Slater's case that is later then established to be inconsistent in Defendant's case? In the Slater case, their position was Mr. Britton had a gun. Is that position being evidenced by what? By my client. No, I'm sorry. What is it in Slater's case that demonstrates a position taken by the state? The position by the state was the fact that this could be second-degree murder because of my client's statement that Mr. Britton had a gun. Where is the position enunciated? Is it in the factual basis? Is it in the charge of second-degree murder? In the factual basis. They pled him to a lesser, of course. As they needed to support their conviction, they presented this fact because it satisfies their elements that they needed to prove, which is that Mr. Britton had a gun. They used my client's statement to that effect. They didn't have to. They could have gone to trial and had my client's multiple statements before a jury. If they had other evidence, I don't know if they had other evidence. We don't really know what the substance of the evidence that they had against Slater. It seems all they had was my client's statement and that they would have gone with the position that Mr. Britton had a gun, that they were maybe trapped into that position. Again, I'm not here to necessarily support people changing stories to law enforcement or to the state's attorneys. Again, they wanted Mr. McClellan to take a position. And then when he changed his position, they prosecuted him for it. And he was accountable to that change of position. The state should also be accountable when they change positions. It doesn't necessarily have to be sworn testimony. But when you come in, number one, and say Mr. Britton had a gun, and then you charge somebody with lying about that fact, that violates judicial estoppel. I see my time is up. Thank you. You'll have time in rebuttal. Thank you. Mr. Escalera. Hey, police court, counsel. Good morning, your honors. I am Rosario Escalera, and I represent the state. Now, defendant first argues this court should reverse the defendant's conviction for obstruction of justice because of judicial estoppel and due process considerations. Specifically, the defendant argues the state contradictorily asserted two different theories. Now, despite this argument, your honors, the defendant has forfeited his argument because he did not raise his argument during the post-trial motion. Now, the defendant counters in the reply brief that this information wasn't available to him during his trial. But this is rejected by the record because the defendant's, or I'm sorry, Slater's conviction, or I'm sorry, he pled guilty in 2014, while the defendant's case in this trial, when he was convicted by a jury, occurred a year later, or almost a year later, in 2015. Now, while appellate counsel did not have this information because this court allowed her to supplement the record, this information was available to the defendant in a post-trial motion. And because of this, this court should, the defendant should forfeit this argument. However, if, nevertheless, should this court consider the merits of this case, because forfeiture is a limitation on the parties and not on the court, the defendant's case or defendant's argument is meritless. Now, on page 8, I believe it is, of the defendant's brief, the defendant argues that the state changed its factual position to convict two men for the essentially same incident. However, that is not the case because there are two different incidents in this case. The first occurred with the murder of Britton, and then the second occurred when the defendant lied when he made those two different statements to the police officers, which created the obstruction of justice charge. Now, the defendant cites two cases, People v. Wisbrock and Smith v. Bruce. Now, Wisbrock is the exact same case Justice Connect was talking about earlier, where it involved the same parties. In Wisbrock, the state tried, or in their first hearing, they tried to suspend the defendant's license in that case because he failed to take a breathalyzer exam. Now, the state got greedy, and the second time, when they tried to convict him of that DUI, yet they used that breathalyzer exam. This is the, that was the perfect example to use Judice Arstotke. This is not the case, Your Honors, because there's two different incidents, two different parties, two different sets of facts. Therefore, Judicial Arstotke was not pliable in this case, and the states never took, or the states never took contradictory theories in this case. Therefore, the state would ask this court not to reverse the defendant's conviction for Judicial Arstotke on due process considerations. Now, what authority do you have with regard to, can you point to, with regard to the separate parties in separate litigations? I don't have any, from what I can see, there wasn't any, but from all the cases, from what I've seen, it all involved the same parties. So, there was one, like I said, Wisbrock. There was another case, there was a couple other cases where it just involved the same party. There wasn't, or involved the same set of incidents. I didn't see any that involved separate parties, per se, but from all the cases, it seemed from the same parties as it was. Now, as a policy argument, I would also argue that this court should decline to follow defendant's reasoning in this case, because doing so would create an absurd outcome the legislature did not intend. This type of behavior was specifically created so that a defendant, or a person who went live to the police, and then, you know, allowed another party, you know, specifically, say person A, you know, they can go out and rob a bank or whatever, and then person B, their best friend, could lie about it, and then, you know, the party A could basically receive a lesser prison sentence. This is the type of criminal behavior that needs to be prevented. Now, alternatively, the defendant argues the state did not prove defendant guilty beyond a reasonable doubt, because the state did not prove that the statement was false. However, viewing the evidence in light, most favorable to the state, the state proved defendant guilty beyond a reasonable doubt when he normally furnished false information with the intent to obstruct Slater's conviction. Now, there's four crucial pieces of evidence in this case, Your Honors, that convicted the defendant of this case. The two major critical pieces of evidence was paramedic Wilson's testimony, and then the tapes. But there's also two other pieces of evidence, was that the letter that Cameron Slater sent to the defendant, which he said he rejected, and then there was the defendant's statements to the police officers. Now, first, paramedic Wilson testified that he did not see a gun, and while he was not looking for a gun, the other evidence corroborates that fact. So there's also the letter that Cameron Slater sent to the defendant, saying, you know, you should probably lie, or somewhat to that extent. I can't remember exactly what it said, but he told him to basically lie, or he should at least lie that Britton did have a gun. Then with the other, what basically secured the defendant's convictions was the jailhouse tapes that occurred when Cameron Slater was in prison. They both talked to each other, and then the defendant basically, he specifically stated, I got you, and you have nothing to worry about. Now, combined with this, with all the other, with all the evidence in total, a reasonable jury could infer that the defendant knowingly furnished false information to obstruct Slater's conviction. The evidence in this case was not so improbable, unsatisfactory, that justifies a reasonable doubt to convict, or to reverse the defendant's conviction. If there are no further questions, the State would ask this Court to affirm the defendant's conviction. All right, thank you. Thank you, Your Honors. Ms. Lambros. Just very briefly, regarding the waiver issue, there is no evidence in the record that counsel knew about what happened at Slater's guilty plea proceedings. Mr. McClellan appeared at those proceedings. He was uncounseled. He did not have anyone with him. The State did not tender this transcript in discovery. The defense relied on the fact that it had nothing to do, why would I go looking for a transcript if the State has already not given it to me, so I can just presume that it has nothing to do with my client. This Court allowed this to be supplemented into the record, so it is obviously before this Court. The second part is, I would argue there's no authority that it has to be the same parties, both the same, we have a same party. We have the State making two contradictory facts. That the defendants are different doesn't mean judicial estoppel doesn't apply. And I would argue that it's worse when the defendants are different, because it's going to be harder to find. It's going to be harder to do the check. When it's the same defendant, you have the same counsel, so you can kind of make sure that the State is offering the same factual consistencies. When it's different defendants, we should be a little bit more looking our light on that, because it's easier to miss. It's easier to miss that the State is changing their positions in one case into another case. Regarding the reasonable doubt, the statements that my client made to Mr. Slater go to whether or not his intent was to obstruct the prosecution of Mr. Slater. But that doesn't relieve the State of its burden to prove whether or not Mr. Britton had a gun. Just because my client wanted to help this guy out, maybe, just because my client, doesn't mean it's not true. We're just all presuming that the last statement was the false statement. But the State still had to prove that it was false. And it's much harder to do when you've got these double statements. The classic case of obstruction is, I come to arrest you at your house, and your friend says, oh, he's not here, and you're clearly behind me. The State still has to prove that you were present to show that I'm obstructing justice. They have to prove the fact that you lied and that it was false. It is not a crime to just simply lie to the police. I know that that's hard to bear, but it's not. There has to be some intent by the person saying the lie to obstruct the prosecution. And it actually has to be a lie. It has to be something that you're doing intentionally. And the State had to prove that Mr. Britton did not have a gun, and they didn't do it. And I'm assuming there was other evidence they could have brought. The paramedic was not sufficient to establish whether or not there was a gun found on the property. And what it seems like is, from the conversations between Slater and my client, that some type of gun was recovered, or was recovered later, or they're speaking about a gun being recovered. So there was better evidence that the State could have brought in, I'm assuming, law enforcement, someone who actually searched the scene, evidence technicians. But the paramedic wasn't sufficient to establish that Mr. Britton was, in fact, unarmed, which they were required to prove. If there's no further questions, Mr. McClellan, I would ask this Court to reverse this conviction. Thank you very much. Okay, thank you. Thank you both. The case will be taken under advisement, and are written to citizenship. Thank you.